### BRAND vs. DAUNOY

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioner sold to the defendant, a lot of ground with buildings, erected on it. The matter in dispute between the parties grows out of the sale, and relates to a passage

The vendee has a right to the land, as far as the spot called for as a boundary, tho' the distance given does not enable him to reach it.

of three feet in front on the street, with fifty in depth, adjoining the lot. The defendant insists it made a part of the property purchased by her from the plaintiff. He contends, it was not included in the conveyance.

The court of the first instance gave judgment against the petitioner, and he appealed.

In the act of sale, the property is described, as being that which the plaintiff purchased from John McDonogh, containing twenty-two feet six inches in front, with one hundred and ten in depth, bounded on one side by property, belonging to Manuel Audry, and on the other by a lot of the vendor.

This passage is only fifty-feet in depth, and there is land enough independant of it, to supply the number of feet which the deed declares the lot to contain. So far the facts support the plaintiff's pretensions; but the description of the boundaries is inconsistent with them: for, if the three feet were retained by him, then the lot was not as the conveyance states, bounded on one side by property of Andry, and on the other by the vendor's. The limits on each side would have been land of the seller; or rather it would have been bounded on one side, to the depth of fifty feet

by land of the petitioner's, and on the remaining portion of one hundred and ten feet, its limit would have been the property of Andry.

With this uncertainty, in regard to the boundaries, we think the court did not err, in admitting parol evidence. The ambiguity was *latent,* and arose from matters within the instrument.

The evidence proves satisfactorily, that the passage now sued for entered into the views of the parties at the time the contract was made: We think the court below did not err, in deciding against the plaintiff.

There are two bills of exceptions taken by the plaintiff. The first relates to the permission given by the court to the appellee to prove title, when she had not pleaded it in her answer. On referring to the answer, we find it does aver the defendant to be the owner of the premises sued for. It would have been more regular, if the answer had stated under what title the defendant derived her right; but, as we cannot believe the plaintiff was surprised by the production of his own deed, we see no reason for remanding the cause, more particularly as no application was made for a new trial on that ground, in the court below.

The second goes to the refusal to permit the clerk of the notary to testify, that he went to another notary's office, to examine the sale from McDonogh to Brand, and took a note of the title and boundaries, for the purpose of drawing the deed from the plaintiff to defendant. The proof was objected to, as irrevalent, and we think correctly. We are unable to perceive what effect it could have on the case.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Watts* for the plaintiff—*Peirce* for the defendant.